

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GROVER SELLERS

ATTORNEY GENERAL

Honorable H. A. Jamison, Commissioner
Department of Banking
Austin 14, Texas

Dear Mr. Jamison:

Opinion No. 0-6058
Re: Departmental procedure by
the Banking Department in
respect to the conversion
of a Federal savings and
loan association into a
State-chartered associa-
tion.

Touching the above subject-matter your letter of request is as follows:

"...

"The executive head of a Federal savings
and loan association has advised this office
that a special shareholders meeting will be
called within the next few days for the pur-
pose of considering the proposition of con-
verting the Federal association into a State
chartered association and we are requested to
furnish advice and instructions pertaining to
such contemplated conversion. As hereinabove
stated, such transaction has not heretofore
occurred, although there have been cases with
which we are familiar, involving the conver-
sion of a State chartered association into a
Federal association. We are therefore in need
of advice as to the specific requirements
which should be imposed by this Department as
a condition precedent to the approval of the
proposed new organization under a State charter.

Honorable H. A. Jamision, Page 2

"Our study of the building and loan law suggests that perhaps Section 21-a and Section 55-a along with various other sections which have to do with the incorporation of a savings and loan association will be invoked in the enumeration of requirements or steps that must be followed to bring about the conversion of a Federal association into a State chartered association.

"We appreciate the fact that the appropriate Federal agency will impose certain requirements pertaining to the transaction but of those we are not concerned, but rather as to requirements which we should impose.

"A specific problem which occurs to us is represented by a question as to whether or not through such a conversion the resulting State association would acquire all of the right, title and interest in and to all property of every kind and character, whether real, personal or mixed of the Federal association by operation of law and without any conveyance or transfer whatever. In this connection your attention is directed to Subsection (d) under Section 55-a, captioned 'Conversion'. This, of course, has to do with a State chartered association being converted into a Federal savings and loan association, in which event it follows through Subsection (d) that the resulting Federal savings and loan association acquires all of the right, title and interest in and to assets of every nature and kind by operation of law and without the detail conveyance that might otherwise be required.

"In other words, we are wondering if this right, which is a valuable one in respect to a transaction embracing the conversion of a State association into a Federal association, can be construed to work in reverse since it appears under Subsection 2 of Section 55-a that it was the Legislative intent to provide a rule which

Honorable H. A. Jamison, Page 3

would work both ways insofar as it was within the jurisdiction of the State Legislature to legislate on matters effecting Federal associations.

" . . . . "

The gist of your inquiry is evidenced by the following statement in your letter, to wit: "We are therefore in need of advice as to the specific requirements which should be imposed by this Department as a condition precedent to the approval of the proposed new organization under a State charter."

Your question is very general, indeed, it necessarily must be at this time, since there is no concrete question before you. Our answer, therefore, must of necessity be likewise general, although we think such general answer will suffice your present needs.

Section 54-A of the Building and Loan Associations Act (Vernon's Codification of the Civil Statutes) Article 881-a, Subdivision 2, is as follows:

"Any Federal savings and loan association chartered and operating under a Federal act, otherwise eligible to become a State building and loan association, may convert into a State association in accordance with Federal laws and subject to examination and approval by the Banking Commissioner of the State of Texas."

Private charters are the grants of sovereignty creating artificial persons -- legal entities -- with the powers and duties therein conferred and imposed. No sovereign state may grant a charter authorizing its corporate entity to engage in its corporate business in another sovereign state without the consent of the latter. This, of course, is subject to the explanation that a Federal charter to a private corporation may authorize it to carry on its corporate business in any state of the Union, regardless of the wishes of such state; but this is not in conflict with the doctrine of exclusiveness of individual sovereigns with reference to the transaction of business within its borders by privately-chartered corporations. Each state of the Union is a part

Honorable H. A. Jamison, Page 4

and parcel of the United States as a sovereign.

From this fundamental consideration of sovereignty and corporate powers it follows that no state charter may be issued in this State to a building and loan association except in compliance with the Texas statute governing the organization of such corporations. It likewise follows that no Federally incorporated savings and loan association may be organized or disorganized save in accordance with the laws of the United States.

The word "convert." in the last-above quotation from Article 881a-54-A is used in its popular sense and not in any technical or legal sense. In other words, it contemplates the change of a National or Federal savings and loan association into a state building and loan association. This in legal contemplation can be accomplished only by the dissolution of the one incorporation, and the incorporation of another as its successor in powers, rights and duties consistent with the laws governing the new incorporation and acceptable of course, to those governing the old one.

The governing statute with respect to the articles of association for building and loan associations in this State is Article 881a-29 of Vernon's Civil Statutes. Any association being organized for the purpose of conversion of a Federal savings and loan association, must of necessity comply with the requirements of this statute before it can receive a charter or have a corporate existence. Perforce of the express statute first quoted the Banking Commissioner upon being satisfied, is authorized to issue his certificate of the filing of the articles of incorporation.

In this connection, however, you will bear in mind (as your letter indicates you have in mind) that there is no statute in this State, and indeed there could not be, providing that upon the conversion of a Federal savings and loan association into a State-chartered building and loan association, the properties, rights and the like of the Federal should be vested in the State association; so that, before approving the articles of association of your organizing State building and loan association, it would be necessary for a proper transfer of the property and rights therein

of the federal association to the State association.
At least, such transfer should follow forthwith the corporate organization of the State association.

We cannot advise further in detail, nor is it necessary to attempt to do so at this time, but we shall be glad to advise further when the necessities therefor may arise.

Your problem is indeed a new one in the jurisprudence of this State and your anxiety to proceed with proper official discretion and legality in all respects is most commendable.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By       Ocie Speer

Ocie Speer
Assistant

OS:ff



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN